OLIVE CHILDS, Appellee, v. GEO. H. ROSS, Sheriff,
Appellant.

**Executions:** NOTICE OF OWNERSHIP: SUFFICIENCY. A notice of claim
of ownership of property levied upon under execution is not
fatally defective for failing to state the consideration paid for
the property, where a· previous notice was given by the seller
of the property of his right under a contract of sale stating the
purchase price, which claimant subsequently paid, thus succeeding
to the rights of the seller; as the two notices taken together
complied with the requirements of the statute.

*Appeal from Dallas District Court.*—HON. J. D. GAMBLE,
Judge.

TUESDAY, OCTOBER 25, 1910.

ACTION for the recovery of personal ·property held
by the defendant as sheriff under an execution against a
third party. Verdict and judgment for the plaintiff. De-
fendant appeals.—*Affirmed.*

*H. G. Giddings* and *W. H. Winegar,* for appellant,

*W. H. Fahey,* for appellee,

EVANS, J.—On May 25, 1909, the defendant, as sheriff of Dallas County, levied upon and seized an automobile under execution in his hands against E. N. Childs, the husband of the plaintiff. The plaintiff brought this action to recover the same as her own property. The facts appearing in the record are that the automobile in question was purchased by the plaintiff from a dealer, one Allen Cox, on May 8th preceding by a written order as follows: "Allen Cox. You are hereby authorized to enter my order for one model number 'S' as specified below for which I agree to pay the sum of $550.00, same to be delivered f. o. b. cars at Perry, Iowa, on or before May 10, 1909. To pay as follows: $85.00 payable on signing this order and balance $465.00 payable when car is delivered. Specifications one Model S Ford Roadster, price $550.00 with all equipments belonging to same." The automobile was delivered according to the order, but the deferred payment of $465 was not paid at the time of such delivery, and had not been paid at the time of the levy by the defendant sheriff. Thereupon Cox served upon the sheriff a written notice of his rights under the above contract of sale. Thereafter the plaintiff paid to Cox the full balance of the purchase price, and thereby terminated his interest in such property. Thereupon she served a written notice upon the sheriff of her ownership of the property.

This notice was supported by her affidavit as follows: "I, Olive Childs, on oath do say that I am the absolute owner of the certain Model S Ford Roadster, automobile levied upon in the above-entitled cause as the property of E. N. Childs on or about May 25, 1909, that I acquired title thereto by purchase from Allen Cox on May 8, 1909, and that I have fully paid therefor, and that said E. N. Childs has no interest therein, all of which is true as I verily believe." Whether the above affidavit is sufficient compliance with section 3991 of the Code is the only ques-

tion presented for our consideration on this appeal. Its sufficiency is challenged by the defendant on the ground that it failed to state the consideration paid by the plaintiff for the automobile. Conceding that the affidavit of itself is not in strict compliance with the requirements of section 3991 in the respect urged, we think the defendant is in no position to complain of the defect. The notice previously served upon the defendant by Cox furnished him with full information as to the amount of the consideration to be paid by the plaintiff. By her payment to Cox after the levy she succeeded to all his rights as to such property. Regarding the two notices together, they complied with every requirement of section 3991. The judgment below is therefore *affirmed*.